On Application for Rehearing.
LAND, J.
We shall consider the errors assigned in the petition for a rehearing in the order presented.
Jurisdiction.
On the question as to what extent the division of the parish of St. Landry will work damage to the plaintiffs, we admit our mistake in stating that there was no evidence contrary to the testimony given by the plaintiffs. There is the testimony of two witnesses to the contrary, but on the whole evidence we are not prepared to say that the Supreme Court is without jurisdiction of this appeal.
Representation.
The General Assembly, with but one spare representative, created or attempted to create two new parishes at the session of 1908, and assigned a representative to each. The first act (No. 53) provided for the creation of the parish of Evangeline, subject to the result of a referendum election, and also subject to the proviso that the organization of the new parish should remain in abeyance until a full set of officers, including a representative, shall have been chosen at the general state election in 1912.
The second act (No. 177) created the parish of La Salle, and provided that it should be entitled to one representative, and should be fully organized by the election of all officers in November, 1909, to enter upon the dis *407 charge of their duties on January 1, 1910. These officers, including a representative, have been elected, and the parish of La Salle is now a duly organized political subdivision of the state.
The parish of Evangeline remains in embryo, with its powers of organization still in abeyance.
The contention that the General Assembly may create a new parish, with the hope or expectation that a representative may be assigned to it in the future, was refuted in Adams v. Forsyth, 44 La. Ann. 130, 10 South. 022, in which the court said:
“Under the, express terms of the sixteenth article of the Constitution (1879), declaring that the number of representatives shall not be more than ninety-eight, etc., 'it would seem to be impossible for the Legislature to increase that number; as it seems clear that the only way in which new parishes, such as Troy, can be created, is by reducing the total number of representatives under a new apportionment, and thus leave a margin for their formation.
“But those are contingencies that must be provided for in the future, and the instant case must be determined by the state of facts existing at the time the law under consideration was enacted.”
This conservative doctrine forbids the creation of a new parish, when it cannot be organized by the election of a representative until a new apportionment be made. The tentative creation of a new parish breeds disturbance and expense, and is not to be commended from any point of view.'
This ground of unconstitutionality disposes of the application for a rehearing, and renders it unnecessary to consider the other reasons assigned for our judgment.
Under our ruling herein the General Assembly has the power to create a new parish without submitting the act to the people for ratification. The only constitutional obstacle to the creation of the parish of Evangeline under present conditions is that it cannot exist without representation in the General Assembly.
Rehearing refused.